STATE OF NORTH CAROLINA v. WALTER D. BOYKIN, JR.

No. 145A83

(Filed 10 January 1984)

1. **Assault and Battery § 16— failure to instruct on simple assault in felonious assault case proper**

   The trial court properly failed to instruct on simple assault in a felonious assault case where there was no evidence to support the lesser offense and where the evidence tended to show that defendant shot a man with a .22 caliber pistol, a deadly weapon *per se*, thereby inflicting serious injury on the victim.

2. **Homicide § 28— failure to instruct on law of perfect and imperfect self-defense—proper**

   In a murder prosecution, the trial court properly failed to instruct on the law of perfect and imperfect self-defense where the evidence did not show that defendant formed a belief that it was necessary to kill the decedent in order to protect himself from death or great bodily harm, and where there was an absence of any evidence tending to show that if such a belief were formed by defendant, it was reasonable.

3. **Homicide § 24.3— instructions concerning State's burden of proving absence of heat of passion—no prejudicial error**

   The trial court's instructions to the jury, although somewhat confusing in one portion, when viewed contextually, correctly placed the burden of proof on the State to satisfy the jury beyond a reasonable doubt that defendant did not act in the heat of passion upon adequate provocation when he killed decedent.

APPEAL by defendant from the judgments and sentences entered by the *Honorable Herbert Small, Judge Presiding*, at the 29 November 1982 Session of Superior Court, SAMPSON County.

Defendant was charged in indictments, proper in form, with the murder of James Ray "Pap" Lamb (Case No. 80CRS14717) and assault with a deadly weapon with intent to kill inflicting serious injury upon Azariah Fennell (Case No. 81CRS3725). Both cases

were consolidated for trial. A jury found the defendant guilty of murder in the second degree and assault with a deadly weapon inflicting serious injury. Judge Small sentenced the defendant to a term of life imprisonment for his murder conviction and to a concurrent term of ten years for his assault conviction.

Pursuant to G.S. § 7A-27(a) (1981), defendant appeals his conviction of murder in the second degree and the sentence imposed thereon, as a matter of right. This Court allowed defendant's motion to bypass the Court of Appeals in Case No. 81CRS3725 on 23 March 1983, in order to consolidate for review all of defendant's convictions in this case.

*Rufus L. Edmisten, Attorney General, by David Roy Blackwell, Assistant Attorney General, for the State.*

*John R. Parker, for the defendant-appellant.*

FRYE, Justice.

Defendant seeks a new trial because of three alleged errors committed by the trial court. The defendant contends that the trial court erred in refusing to submit and instruct the jury on simple assault in the felonious assault case; that the trial court erred in refusing to instruct the jury on the defenses of perfect and imperfect self-defense; and, that the trial court erred in its instruction to the jury concerning voluntary manslaughter. For the reasons stated in this opinion, we find no error in the trial proceedings leading to defendant's convictions of the crimes charged.

I.

The State's evidence at trial tended to show the following:

On the evening of 25 December 1980, a large crowd of people had gathered at Raz Seller's Place [hereinafter Raz's Place], a local night club in Sampson County. During the course of the evening, the defendant's brother, Willie James Boykin, and the decedent, James Lamb, began to argue beside a pool table in the club. The argument led to a fist fight which resulted in both men scuffling on the floor. While Willie Boykin was on top of the decedent, he began to hit the decedent about the head with a cue ball which he had taken from the pool table. Willie Boykin also began to choke the decedent.

At this point, some members of the decedent's family and another patron of the club attempted to break up the fight. The defendant then became involved in the affair and physically restrained one of the decedent's sons from interfering with the fight.

Apparently, after both men were separated from each other, defendant and his brother left Raz's Place and went outside. Shortly thereafter, Willie Boykin returned to Raz's Place and fired a number of gun shots in the club. Tommy Fennell and James Lamb were each hit by at least one of those shots. Numerous witnesses testified that they saw James Lamb slump over and stagger toward the front door of the club after the shots had been fired. Shortly after the shooting had occurred in Raz's Place, the defendant was seen walking toward the club with a rifle in his right hand. Defendant shot the rifle a number of times in the direction of James Lamb, who was standing near the front door of Raz's Place. One of those shots mortally wounded James Lamb.

In an attempt to prevent the defendant from shooting the rifle anymore, Azariah Fennell attempted to take the rifle from the defendant. During the ensuing struggle over the rifle, Azariah Fennell was shot three times in his left side with a .22 caliber pistol. Azariah Fennell testified that he did not actually see the pistol and that he did not hear any shots during the struggle over the rifle. However, he stated that he felt the pistol against his side, and shortly after being shot, he experienced shortness of breath.

Defendant surrendered himself to a deputy sheriff of Sampson County, on the outside of Raz's Place, shortly after both shooting incidents had occurred. The deputy sheriff removed a .22 caliber pistol from the hand of the defendant.

The medical examiner testified that the decedent died from massive bleeding resulting from a gunshot wound to the abdomen which penetrated the aorta, the main blood vessel from the heart. The bullet removed from the abdomen of the decedent by the medical examiner was not fired from the .22 caliber pistol which defendant had in his possession at the time he surrendered to the deputy sheriff. This bullet was identified by a senior technical

agent for firearms and tool marks identification as having been fired from a rifle manufactured by the Marlin Firearms Company.

The defendant did not present any evidence at trial.

## II.

[1] Defendant assigns as error the trial court's refusal to submit and instruct the jury concerning the lesser included offense of simple assault in the felonious assault case. Defendant contends that since Azariah Fennell did not feel the shots when they were inflicted, did not see the gun, and did not hear any gunshots, an inference arises from these facts that defendant, at most, committed a simple assault on Fennell. He further contends that the shots which struck Fennell could have been fired by someone else.

The law is well settled that the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense. *State v. Summitt*, 301 N.C. 591, 273 S.E. 2d 425, *cert. denied*, 451 U.S. 970, 101 S.Ct. 2048, 68 L.Ed. 2d 349 (1981). However, when the State's evidence is positive as to every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged, the trial court is not required to submit and instruct the jury on any lesser included offense. *State v. Snead*, 295 N.C. 615, 247 S.E. 2d 893 (1978). The determining factor is the presence of evidence to support a conviction of the lesser included offense. *Summitt*, 301 N.C. at 596, 273 S.E. 2d at 427, *cert. denied*, 451 U.S. 970, 101 S.Ct. 2048, 68 L.Ed. 2d 349 (1981); *See State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976). Additionally, a defendant is not entitled to an instruction on simple assault where the uncontradicted evidence shows that defendant used a firearm. *See State v. Springs*, 33 N.C. App. 61, 234 S.E. 2d 193, *cert. denied*, 293 N.C. 163, 236 S.E. 2d 707 (1977). *See also State v. Thacker*, 281 N.C. 447, 189 S.E. 2d 145 (1972) (defendant not entitled to an instruction on simple assault when the uncontradicted evidence shows that defendant used a deadly weapon).

The uncontradicted evidence of the State tended to show that defendant shot Azariah Fennell with a .22 caliber pistol, a deadly weapon per se, thereby inflicting serious injury on the vic-

tim. This evidence is sufficient to convict defendant of felonious assault pursuant to G.S. § 14-32(b) (1981). There is absolutely no evidence in this case showing only the commission of simple assault by the defendant. The defendant's mere speculation and conjecture concerning the possibility that someone else shot the victim does not refute the victim's testimony that he was shot by the defendant. Nor does it warrant or justify submission of the lesser included offense of simple assault to the jury. This assignment of error is without merit.

### III.

Defendant's remaining assignments of error relate to that portion of the trial concerning the charge of murder against the defendant.

[2]  Defendant next assigns as error the trial court's refusal to instruct the jury on the law of perfect and imperfect self-defense. Defendant contends that when the evidence is viewed in the light most favorable to him, it creates a right to have the jury instructed on the law of perfect and imperfect self-defense. We disagree.

The following general rules govern whether an instruction on self-defense is required to be given to the jury in any given case. If there is any evidence in the record from which it can be determined that it was necessary or reasonably appeared necessary for defendant to kill his adversary in order to protect himself from death or great bodily harm, then the defendant is entitled to an instruction on self-defense. *State v. Bush*, 307 N.C. 152, 297 S.E. 2d 563 (1982); *State v. Spaulding*, 298 N.C. 149, 257 S.E. 2d 391 (1979). On the other hand, if there is no evidence from which the jury reasonably could find that the defendant in fact believed that it was necessary to kill his adversary to protect himself from death or great bodily harm, then the defendant is not entitled to have the jury instructed on self-defense. *Bush*, 307 N.C. at 160, 297 S.E. 2d at 569; *State v. Rawley*, 237 N.C. 233, 74 S.E. 2d 620 (1953). As this Court, speaking through Justice Mitchell, stated in *Bush*:

In other words, before the defendant is entitled to an instruction on self-defense, two questions must be answered in the affirmative: (1) Is there evidence that the defendant in fact

formed a belief that it was necessary to kill his adversary in order to protect himself from death or great bodily harm, and (2) if so, was that belief reasonable? If both queries are answered in the affirmative, then an instruction on self-defense must be given. If, however, the evidence requires a negative response to either question, a self-defense instruction should not be given.

*Bush,* 307 N.C. at 160-61, 297 S.E. 2d at 569. The above questions are equally applicable to a determination of when the defendant will be entitled to the benefit of either perfect or imperfect self-defense. *Id.* at 159, 297 S.E. 2d at 568.

After carefully reviewing the evidence in the light most favorable to the defendant, we find that the evidence does not show that defendant formed a belief that it was necessary to kill the decedent, James Lamb, in order to protect himself from death or great bodily harm. There is also an absence of any evidence tending to show that if such a belief were formed by the defendant, that it was reasonable. Therefore, defendant was not entitled to any instruction on self-defense.

A brief summary of the State's evidence will substantiate our conclusion. The evidence shows that the fight which preceded the shooting incidents did not involve the defendant, but instead was between the defendant's brother, Willie Boykin, and the decedent, James Lamb. After the defendant's brother and the decedent had been separated and the fight apparently ended, the defendant and his brother departed Raz's Place. As they left the building, they were not pursued by the decedent or anyone else. Shortly after his departure from Raz's Place, the defendant was seen walking toward the club shooting a rifle in the direction of the decedent, who was standing near the entrance to Raz's Place. The evidence showed that one of the shots fired by the defendant mortally wounded the decedent. There was no evidence that the defendant and the decedent had had any harsh words on the evening in question or at any time prior to this occasion.

One witness did identify the pistol that was taken from the defendant as belonging to the decedent. Additionally, there was evidence that the decedent usually carried a pistol on his person. However, there was no evidence adduced at trial that the decedent was armed on the night in question. Furthermore, there was

no evidence which tended to show that the defendant knew that the decedent was dangerous or that he usually carried a pistol on his person. Therefore, the evidence, which tended to show that the decedent was usually armed, was irrelevant in determining whether the defendant formed a belief that it was necessary to kill the decedent to protect himself from death or great bodily harm. *See State v. Cook*, 306 N.C. 117, 291 S.E. 2d 649 (1982).

The State's evidence tends to show that the defendant did not form any belief or any reasonable belief that it was necessary for him to kill the decedent to protect himself from death or great bodily harm. Therefore, the trial court was correct in refusing to instruct the jury on the law concerning perfect or imperfect self-defense. Defendant's assignment of error is overruled.

## IV.

[3] Defendant's final assignment of error relates to the trial court's instructions to the jury concerning the State's burden of proving beyond a reasonable doubt that the defendant did not act in the heat of passion when he killed the decedent, James Ray Lamb. The trial court instructed the jury as follows:

> As to this possible verdict, I instruct you that if you find from the evidence beyond a reasonable doubt that on or about December 25, 1980, Walter D. Boykin, Jr. intentionally or someone with whom Walter D. Boyking [sic], Jr. was acting in concert shot James Ray Lamb with a .22 caliber firearm and thereby proximately caused the death of James Ray Lamb, but the State has failed to satisfy you beyond a reasonable doubt that the defendant did not act in the heat of passion upon adequate provocation, it would be your duty to return a verdict of guilty of voluntary manslaughter.

Defendant contends that the above instruction to the jury violated the mandate of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), which requires that "the prosecution prove beyond a reasonable doubt the absence of heat of passion or sudden provocation when the issue is properly presented in a homicide case." *Id.* at 704, 95 S.Ct. at 1892, 44 L.Ed. 2d at 522. Additionally, defendant contends that the jury charge lowered the State's burden of proof, and that it is confusing and almost impossible to understand.

We note that throughout the jury charge, the trial court instructed the jury that the State had to prove defendant's guilt beyond a reasonable doubt. Also, prior to the trial court's instructions on that portion of the jury charge to which the defendant objected, the trial court had instructed the jury as follows:

> The burden is on the State to prove beyond a reasonable doubt that the Defendant did not act in the heat of passion upon adequate provocation, but rather that he acted with malice. If the State fails to meet this burden, the Defendant then can be guilty of no more than voluntary manslaughter.

This statement of the law is correct, and it accurately and completely explains the State's burden of proof in this case.

On numerous occasions, this Court has stated that the trial court's charge to the jury must be construed contextually and isolated portions of it will not be held prejudicial error when the charge as a whole is correct. *State v. Rogers*, 299 N.C. 597, 264 S.E. 2d 89 (1980); *State v. Jones*, 294 N.C. 642, 243 S.E. 2d 118 (1978). "Where the charge as a whole presents the law fairly and clearly to the jury, the fact that isolated expressions, standing alone, might be considered erroneous affords no grounds for reversal." *Jones*, 294 N.C. at 653, 243 S.E. 2d at 125.

Applying the foregoing principles to the instant case, we hold that, although the portion of the jury charge to which defendant objected was somewhat confusing, when the entire jury charge is viewed contextually, the charge correctly placed the burden of proof on the State to satisfy the jury beyond a reasonable doubt that defendant did not act in the heat of passion upon adequate provocation when he killed James Lamb. We are convinced that the jury was not misled by the instructions as given by the trial court. Therefore, we hold that the trial court's instruction on the State's burden of proof, when considered contextually, fully complied with the mandate of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975) and *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975), *rev'd on other grounds*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed. 2d 306 (1977). Thus, defendant's final assignment of error is overruled.

After a careful review of the record in this case, we find that defendant received a fair trial free from prejudicial error.

Case No. 81CRS3725—Assault with a deadly weapon inflicting serious injury—

No error.

Case No. 80CRS14717—Murder in the second degree—

No error.