STATE OF NORTH CAROLINA v. GARY EUGENE RHINEHART

No. 513A87

(Filed 6 April 1988)

**1. Criminal Law § 50.2— opinion of officers as to consistency of statements—admissible**

Testimony from two law enforcement officers in a first degree sexual offense case that the victim's statements to them were consistent with the victim's accounts to other people constituted admissible lay opinions under N.C.G.S. § 8C-1, Rule 701 (1986). It was clear that both witnesses rendered lay opinions based upon their own personal perceptions which were helpful to the determination of a fact in issue; moreover, assuming error, there was not sufficient prejudice to warrant a new trial. N.C.G.S. § 15A-1443(a).

**2. Rape and Allied Offenses § 6.1— first degree sexual offense—refusal to submit attempt—no error**

The trial court did not err in a first degree sexual offense prosecution by refusing to instruct the jury on the lesser-included offense of attempted first degree sexual offense where there was no evidence presented at trial from which the jury could reasonably have found that defendant committed merely the lesser-included offense.

**3. Criminal Law § 134.4— first degree sexual offense—committed youthful offender statute not applicable—mandatory life sentence**

The trial court in a prosecution for first degree sexual offense was without discretion to sentence defendant as a committed youthful offender because the first degree sexual offense statute calls for a mandatory life term. N.C.G.S. § 14-27.4, N.C.G.S. § 148-49.14.

APPEAL as of right by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing the mandatory sentence of life imprisonment entered by *Collier, J.,* at the 4 May 1987 Criminal Session of Superior Court, FORSYTH County, upon defendant's conviction by a jury of first-degree sexual offense. Heard in the Supreme Court on 9 February 1988.

*Lacy H. Thornburg, Attorney General, by Randy Meares, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant-appellant.*

MEYER, Justice.

Defendant was convicted by a jury of one count of first-degree sexual offense arising out of an encounter with the nine-year-old male victim. In his appeal to this Court, defendant forwards for our consideration three assignments of error relative to both the guilt-innocence and the sentencing phases of his trial. We have considered the entire record and each of defendant's three assignments in turn, and we detect no error in defendant's trial. Accordingly, we leave undisturbed defendant's conviction and the accompanying mandatory sentence of life imprisonment.

Evidence presented by the State at trial tended to show the following facts and circumstances. On 7 March 1987, the day on which the crime occurred, the victim was nine years and five months old. He lived with his mother, his sister and his brother in their home in Winston-Salem, North Carolina. Defendant Gary Eugene Rhinehart, who was twenty years of age on the date in question, lived in a nearby home with his foster mother.

On Saturday, 7 March 1987, the victim accompanied his younger brother and a friend to a neighborhood recreation center to play basketball. After playing for approximately a half hour, the three youngsters went to a nearby convenience store to get a drink. While at the convenience store, they met defendant.

The youngsters next accompanied defendant to another nearby playground. Once there, the group played basketball for approximately ten more minutes. The victim and his companions then decided to leave. At this point, defendant suggested that they divide into two groups and race back to the victim's house. The victim agreed, and while he and defendant followed a path through the woods, the victim's brother and the other youngster followed the roads to see who would arrive at the victim's house first.

As the victim and defendant followed the path through the woods, the young victim became tired and decided to stop for a brief rest. When the victim stood up again to resume the trek, defendant "jerked" the victim's pants down and began sucking the victim's penis. As the victim tried to scream, defendant placed his hand over the youngster's mouth and told him that if he did not

cooperate, defendant would bite off the victim's penis. Defendant apparently sucked the victim's penis for approximately three minutes, stopping only when he heard the sound of a motorcycle nearby.

Seizing the opportunity provided by the noise of the nearby motorcycle, the victim broke free and ran to his home. Once at home, the then-crying victim told his mother what had happened during his trip through the woods with defendant. She subsequently testified at trial as to what her son had told her on that occasion. There was also testimony from a motorcyclist who stated that he had seen defendant and the victim in the woods while riding in the area on the day in question.

Defendant presented evidence in support of an alibi defense. Defendant himself testified that he did not leave his house on the day in question until approximately 3:00 p.m. and that, though he did see the victim briefly on that day, he did not venture into the woods and he never touched the victim. Defendant's mother corroborated defendant's statement that he did not leave home until 3:00 p.m. and testified further that defendant returned home at approximately 6:00 that evening. One of defendant's friends testified that defendant visited him on the afternoon in question, staying until fairly late.

On the basis of this and other evidence, the jury found defendant guilty of first-degree sexual offense. Pursuant to the jury's verdict, Judge Collier sentenced defendant to a mandatory life term. In his appeal to this Court, defendant brings forward three specific assignments of error: first, that the trial court committed reversible error in allowing two law enforcement officers to testify that the victim made prior consistent statements concerning the events of 7 March 1987; second, that the trial court committed reversible error in refusing to instruct the jury on the lesser included offense of attempted first-degree sexual offense; and third, that the trial court committed reversible error in failing to sentence defendant as a committed youthful offender. We deal with each of these assignments of error in turn.

I.

[1] In his first assignment of error, defendant asserts that the trial court committed reversible error in permitting two law en-

forcement officers, specifically Officers Carter and Carden, to render lay opinions that the victim's statements to each of them concerning the incident of 7 March 1987 were consistent with the victim's accounts to other persons. More specifically, defendant argues first that the officers' testimony in the case at bar constituted inadmissible lay opinion testimony pursuant to Rule 701 of the North Carolina Rules of Evidence. Defendant argues second that the admission of this opinion testimony was so prejudicial to defendant's cause as to entitle him to a new trial. We cannot agree with defendant, and we therefore overrule this first assignment of error.

Deputy Sheriff Dan S. Carter testified for the State at defendant's trial. Deputy Sheriff Carter stated that, on 7 March 1987, he responded to an assault call at the victim's home in Winston-Salem. Once there, he spoke to Officer Blakely of the Winston-Salem Police Department about what had occurred. For the purpose of corroborating Officer Blakely's subsequent testimony, Carter was permitted to testify in some detail as to what Blakely told him the victim had reported. Immediately thereafter, the following exchange occurred during the direct examination:

Q Did you actually talk to [the victim]?

A Yes, I did.

Q Did he tell you what happened?

A Yes, he did.

Q What did he tell—tell us what he told you.

A He basically said the same thing—

MR. REDDEN: Object, Your Honor.

A He said he was pushing his bike—

MR. REDDEN: Move to strike. That's not responsive.

THE COURT: Overruled.

Detective S. G. Carden of the Forsyth County Sheriff's Department also testified for the State at trial. Detective Carden stated that he conducted an interview with the victim at the Sheriff's Department on 9 March 1987. Subsequently, he read into the record an accurate transcription of that lengthy interview. On

cross-examination by defendant's counsel, the following exchange occurred:

Q  Uh-huh. Did he tell the story pretty matter-of-factly?

A  The same story I have been able to get was consistent with the story he had told before.

Q  Just pretty much recited this thing matter-of-factly?

A  Appears to be the same story, yes, sir.

We cannot agree with defendant's assertion here that the above-excerpted statements by Deputy Sheriff Carter and Detective Carden constitute improper expressions of opinion under the North Carolina Rules of Evidence. Rule 701, which details the requirements for the admission of opinion testimony from lay witnesses, provides as follows:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

N.C.G.S. § 8C-1, Rule 701 (1986).

> Here, the statements of both Deputy Sheriff Carter and Detective Carden fall squarely within the language of the rule. Carter testified that two conversations in which he had been an immediate party—that with Officer Blakely and that with the victim himself—revealed, in his opinion, the same account of the events of 7 March 1987. Likewise, Carden testified on cross-examination that the statement he had taken from the victim on 9 March revealed the same story the victim had previously related to law enforcement officials. It is crystal clear that both of these witnesses rendered lay opinions based upon their own personal perceptions. It is equally clear that these opinions were helpful to the determination of a fact in issue—namely, the precise nature of the sexual offense perpetrated by defendant. We find no error in the admission of these statements.

> Even assuming arguendo that the trial court erred in allowing this lay opinion testimony, we fail to detect sufficient evi-

dence of prejudice to defendant's cause to warrant our order of a new trial. Defendant's burden in a case such as this is to show a reasonable possibility that, but for the trial court's error in admitting the evidence in question, a different result would have been reached at the trial. N.C.G.S. § 15A-1443(a) (1983). This the defendant has failed to show. Thus, even assuming error, which we expressly do not find, no reversible error would appear on this record. Defendant's first assignment of error is hereby overruled.

## II.

[2]  In his second assignment of error, defendant asserts that the trial court committed reversible error in refusing to instruct the jury on the lesser included offense of attempted first-degree sexual offense. Defendant notes that the victim, upon returning to his home immediately after the incident, twice told his mother that defendant "tried to suck" his penis. As a result of this, argues defendant, a reasonable jury could have found that defendant's acts constituted, not a completed first-degree sexual offense, but rather an attempted first-degree sexual offense. Thus, continues defendant here, the trial court acted improperly in refusing to instruct on the lesser included offense, and defendant is entitled to a new trial. We cannot agree, and we overrule defendant's second assignment of error.

At the close of all the evidence at trial, Judge Collier convened a conference in his chambers for the discussion of what jury instructions were to be given by the court. At the outset, counsel for defendant indicated that he did not desire that any instruction be given concerning attempted first-degree sexual offense. Following additional discussion, however, defendant's counsel reversed his position and requested that Judge Collier give the instruction on the attempt offense. Ultimately, the trial judge ruled that the instruction in question was not called for by the evidence presented and that the only verdicts to be submitted for the jury's consideration were guilty of first-degree sexual offense and not guilty. Defendant's counsel made no objection to Judge Collier's ruling.

Assuming, without in fact deciding, that defendant has properly preserved his right to argue this assignment of error on appeal to this Court, we hold that Judge Collier acted correctly in refusing to instruct the jury on attempted first-degree sexual

offense. This Court has addressed on numerous occasions the circumstances under which a trial court must instruct a jury concerning a lesser included offense. In our oft-cited decision in *State v. Lampkins*, 286 N.C. 497, 212 S.E. 2d 106 (1975), *cert. denied*, 428 U.S. 909, 49 L.Ed. 2d 1216 (1976), for example, we stated as follows:

> When, upon all the evidence, the jury could reasonably find the defendant committed the offense charged in the indictment, but could not reasonably find that (1) he did not commit the offense charged in the indictment and (2) he did commit a lesser offense included therein, it is not error to restrict the jury to a verdict of guilty of the offense charged in the indictment or a verdict of not guilty, thus withholding from their consideration a verdict of guilty of a lesser included offense. Under such circumstances, to instruct the jury that it may find the defendant guilty of a lesser offense included within that charged in the indictment is to invite a compromise verdict whereby the defendant would be found guilty of an offense, which he did not commit, for the sole reason that some of the jurors believe him guilty of the greater offense. The mere possibility that the jury might believe part but not all of the testimony of the prosecuting witness is not sufficient to require the Court to submit to the jury the issue of the defendant's guilt or innocence of a lesser offense than that which the prosecuting witness testified was committed.

*Id.* at 504, 212 S.E. 2d at 110.

Moreover, in the somewhat more recent case of *State v. Boykin*, 310 N.C. 118, 310 S.E. 2d 315 (1984), we stated further:

> The law is well settled that the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense. However, when the State's evidence is positive as to every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged, the trial court is not required to submit and instruct the jury on any lesser included offense. The determining factor is the

presence of evidence to support a conviction of the lesser included offense.

*Id.* at 121, 310 S.E. 2d at 317 (citations omitted).

In our view, no evidence was presented at trial from which the jury could reasonably have found that defendant committed merely the lesser included offense of attempted first-degree sexual offense. Relevant to the difference between the attempted and the completed offenses, the victim testified at trial that defendant sucked his penis for approximately three minutes while they were in the woods on 7 March. This testimony was consistent with the accounts of the incident given by the victim to the various law enforcement officers who testified at trial. Placed in this context, the nine-year-old's emotional statements in the minutes following the incident that defendant had "tried to suck" his penis pale in significance. The statements, in the context of the entire body of evidence presented at trial, do not support defendant's position that there was sufficient evidence of the existence of a mere attempt to warrant an attempt instruction. Judge Collier's decision not to charge was not error, and defendant's assignment of error is hereby overruled.

## III.

[3] In his third assignment of error, defendant asserts that the trial court committed reversible error in failing to sentence defendant as a committed youthful offender pursuant to N.C.G.S. § 148-49.14. Defendant argues that the trial judge incorrectly concluded that he was without discretion to sentence this defendant as a committed youthful offender because our first-degree sexual offense statute, codified at N.C.G.S. § 14-27.4, calls for a mandatory life term. This Court has very recently addressed this precise issue and decided it against defendant's contention.

In the recent case of *State v. Browning*, 321 N.C. 535, 364 S.E. 2d 376 (1988), defendant assigned as error the trial judge's refusal to sentence him pursuant to the committed youthful offender statute following his conviction for first-degree sexual offense. In rejecting defendant's argument, we stated as follows:

We now hold that article 3B of chapter 148 of the General Statutes of North Carolina [committed youthful offender statute] does not apply to a conviction or plea of

guilty of a sexual offense in the first degree, N.C.G.S. § 14-27.4 (1986), for which the punishment is mandatory life imprisonment.

*Browning*, 321 N.C. at 541, 364 S.E. 2d at 379. We decline defendant's invitation to reconsider our decision in *Browning*, and accordingly, this third and final assignment of error is hereby overruled.

In conclusion, having carefully reviewed the record and each of defendant's assignments of error, we find that defendant received a fair trial, free of prejudicial error. Accordingly, we leave undisturbed defendant's conviction of first-degree sexual offense and the accompanying sentence of life imprisonment.

No error.