STATE OF NORTH CAROLINA
v.
DWAYNE EDGAR CANNADY, Defendant.
No. COA08-1459
Court of Appeals of North Carolina
Filed September 15, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Amy C. Kunstling, for the State.
Leslie C. Rawls, for defendant-appellant.
STROUD, Judge.
Defendant was convicted by a jury of assault with a deadly weapon with intent to kill inflicting serious injury. Defendant appeals, arguing the trial court erred when it (1) denied his request for a jury instruction on assault with a deadly weapon, (2) denied defendant's motion to dismiss, (3) instructed the jury on assault with a deadly weapon inflicting serious injury, and (4) denied defendant's motion to suppress. Defendant also claims ineffective assistance of counsel as his attorney failed to make a written request for a jury instruction on assault with a deadly weapon. For the following reasons, we find no error.

I. Background
The State's evidence tended to show: On 2 March 2007 at approximately 10:00 p.m., victim went to a party at his cousin's house. Two of victim's friends, James and Luke, got into a fight. Defendant and victim broke up the fight and defendant told victim "James had hit him while he was breaking it up[.]" Defendant then pulled something shiny out of his pocket and began swinging at James. Victim hit defendant in the face. Defendant's cousin then broke up defendant and victim. Defendant's friends pulled him away from victim, as defendant told victim, "`I'm going to get you. I'm going to get you.'"
Victim then left the party at his cousin's house and went to a party at Terry Perry's house. When victim was leaving the second party, he saw defendant in the doorway. Defendant "looked [victim] in [his] face, cocked the gun and pointed it at [victim's] face." Victim grabbed defendant's "hand with the gun." Defendant fired. Victim "slammed [defendant] into the wall. Defendant fired two more shots. Victim threw defendant out of the door and defendant fired a fourth shot. Victim was hit three times in the face and once in the chest.
Approximately five days after the shooting, defendant turned himself in at the sheriff's department. Defendant was advised of his Miranda rights and was asked if he wanted to "discuss the incident[;]" defendant responded, "No, not really. I'm just ready to go to jail. . . . What is, is. . . . You ain't no judge or a lawyer, I'll just wait and fight it in court. . . . All I'm going to say is that I didn't start this, and I'm not going to get jumped on like that."
On 2 April 2007, defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. Before defendant's trial began, the trial court determined that defendant's statement at the sheriff's office would be admissible. At the close of the State's evidence, defendant made a motion to dismiss, which was denied. During the charge conference, defendant's attorney requested that the jury be instructed on the charge of assault with a deadly weapon; this request was denied. The trial court instructed the jury on both assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious injury.
On or about 6 May 2008, defendant was found guilty as charged by a jury. Defendant was determined to have a prior record level of two and was sentenced to 80 to 105 months imprisonment. Defendant appeals, arguing that the trial court erred when it (1) denied his request for a jury instruction on assault with a deadly weapon, (2) denied defendant's motion to dismiss, (3) instructed the jury on assault with a deadly weapon inflicting serious injury, and (4) denied defendant's motion to suppress. Defendant also claims ineffective assistance of counsel, as his attorney failed to make a written request for a jury instruction on assault with a deadly weapon. For the following reasons, we find no error.

II. Jury Instructions
Defendant presents three arguments before this Court regarding jury instructions, including that the trial court erred by denying his request to instruct the jury on assault with a deadly weapon, the trial court erred by actually instructing the jury on assault with a deadly weapon with intent to kill inflicting serious injury, and defendant's counsel was ineffective when he did not make a written request to the trial court regarding the requested assault with a deadly weapon jury instruction. A jury instruction is reviewed
contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by the instruction. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.
State v. Hall, 187 N.C. App. 308, 316, 653 S.E.2d 200, 207 (2007) (citation, brackets, and ellipses omitted); disc. review denied and appeal dismissed, 362 N.C. 366, 663 S.E.2d 431 (2008).

A. Requested Jury Instruction
Defendant first contends that "[t]he trial court erred when it denied [defendant]'s request for a jury instruction on misdemeanor assault with a deadly weapon, because the evidence and the law supported the instruction." Defendant argues that "[t]he lack of a lesser-included offense option created a significant likelihood that the jury would convict [defendant] of the greater offense even if it would not have found intent to kill or serious injury." We disagree.
The law is well settled that the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense. However, when the State's evidence is positive as to every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged, the trial court is not required to submit and instruct the jury on any lesser included offense. The determining factor is the presence of evidence to support a conviction of the lesser included offense.
State v. Boykin, 310 N.C. 118, 121, 310 S.E.2d 315, 317 (1984) (citations omitted).
The elements of assault with a deadly weapon with intent to kill inflicting serious injury pursuant to N.C. Gen. Stat. § 14-32(a) are "(1) an assault; (2) the use of a deadly weapon; (3) an intent to kill; and (4) the infliction of serious injury not resulting in death. State v. Peoples, 141 N.C. App. 115, 117, 539 S.E.2d 25, 28 (2000) (citation omitted); see N.C. Gen. Stat. § 14-32(a). The elements of assault with a deadly weapon pursuant to N.C. Gen. Stat. § 14-33(c)(1) are (1) an assault and (2) using a deadly weapon. See N.C. Gen. Stat. § 14-33(c)(1) (2007).
Here, we need only consider the element of inflicting serious injury, because (1) as both assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon, include the elements of assault and use of a deadly weapon, and (2) the trial court gave an instruction regarding assault with a deadly weapon inflicting serious injury, which did not include the element of an intent to kill, which the jury rejected. "Whether a serious injury has been inflicted depends upon the facts of each case and is generally for the jury to decide under appropriate instructions. A jury may consider such pertinent factors as hospitalization, pain, loss of blood, and time lost at work in determining whether an injury is serious." State v. Hedgepeth, 330 N.C. 38, 53, 409 S.E.2d 309, 318 (1991) (citations omitted).
Here, the State's evidence showed that victim was shot three times in the face, including once through his lip and into his mouth, and once in the chest. Victim was crying from the pain and bleeding when he was taken to a hospital for treatment. At the hospital, victim's wounds were cleaned and multiple x-rays were taken. Based upon the facts of this case, we conclude that there was sufficient evidence for the jury to conclude that victim's injuries were serious. "[T]he State's evidence is positive as to every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged[. Therefore,] the trial court [wa]s not required to submit and instruct the jury on any lesser included offense." Boykin at 121, 310 S.E.2d at 317. Accordingly, this argument is overruled.

B. Jury Instruction as Given
Defendant also contends that "[t]he trial court erred when it instructed on Assault with a Deadly Weapon inflicting Serious Injury over Defendant's objection, because there was no evidence to support the jury's finding of serious injury." As we have already concluded that there was "evidence to support the jury's finding of serious injury[,]" this argument is overruled.

C. Ineffective Assistance of Counsel
Defendant further argues that he "received ineffective assistance of counsel when his attorney" failed to submit a written request for the jury to be instructed on assault with a deadly weapon. However,
[t]o successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. Second, once defendant satisfies the first prong, he must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error.
State v. Blakeney, 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000) (citations omitted), cert. denied, 531 U.S. 1117, 148 L.Ed.2d 780 (2001). As we have already concluded that the trial court did not err in not providing the lesser included offense instruction, defendant has no valid ineffective assistance of counsel claim. See generally id. This argument is overruled.

III. Motion to Dismiss
Defendant next contends that "[t]he trial court erred when it denied [his] Motions to Dismiss . . . because the State failed to present sufficient evidence of serious injuries to establish its prima facie case and submit the case to the jury."
When considering a motion to dismiss, based on insufficiency of evidence, the standard of review is whether the State has offered substantial evidence to show the defendant committed each element required to be convicted of the crime charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In making a determination, the court must view the evidence admitted in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor. The motion to dismiss should be denied if there is substantial evidence supporting a finding that the offense charged was committed.
State v. Rush, ___ N.C. App. ___, ___, 674 S.E.2d 764, 768-69 (2009) (citations and quotation marks omitted). Once again we note that the State presented substantial evidence as to the seriousness of victim's injuries, and therefore the trial court did not err in denying defendant's motion to dismiss.

IV. Motion to Suppress
Lastly, defendant contends that the trial court erred when it denied his motion to suppress. The trial court considered suppressing two statements made by defendant. One was the statement at issue here: "No, not really. I'm just ready to go to jail. . . . What is, is. . . . You ain't a judge or a lawyer, I'll just wait and fight it in court. . . . All I'm going to say is that I didn't start this, and I'm not going to get jumped on like that." The other statement which the trial court considered and did ultimately suppress was a comment by defendant regarding a charge against him related to the unauthorized use of a vehicle. The trial court stated that:
[]I believe that the statement that the defendant made to the officer after being Mirandized is admissible. I will not, however, allow the statement concerning the unauthorized use to be testified to because it is wholly irrelevant to the proceedings here and could be prejudicial. . . . I believe that this statement that he volunteered is admissible, but I won't allow the other one that's relating to the unauthorized use, because it's totally irrelevant and could be prejudicial.
Evidence of defendant's statement regarding unauthorized use of a vehicle was not admitted during the trial; however, when the evidence regarding defendant's other statement was presented during his trial, he failed to object.
To preserve an issue for appeal, the defendant must make an objection at the point during the trial when the State attempts to introduce the evidence. A defendant cannot rely on his pretrial motion to suppress to preserve an issue for appeal. His objection must be renewed at trial. [Defendant's] failure to object at trial waived his right to have this issue reviewed on appeal.
State v. Golphin, 352 N.C. 364, 463, 533 S.E.2d 168, 232 (2000) (citations omitted). Accordingly, defendant has not properly preserved this issue for appeal.

V. Conclusion
For the forgoing reasons, we conclude that the trial court did not err in instructing the jury or denying defendant's motion to dismiss. Furthermore, defendant has waived his right to appellate review regarding his motion to suppress. Therefore, we find no error.
NO ERROR.
Judges ELMORE and ERVIN concur.
Report per Rule 30(e).