STATE OF NORTH CAROLINA v. FRANK WILSON

No. COA02-739

(Filed 3 June 2003)

**1. Indictment and Information— common law robbery—failure to indicate witnesses appeared before grand jury and gave testimony**

Although defendant contends the trial court erred by failing to conclude that the indictment used to charge defendant with common law robbery was fatally defective based on its failure to indicate that the witnesses identified on the face of the indictment appeared before the grand jury and gave testimony as required by N.C.G.S. § 15A-623(c), failure to comply with this provision does not vitiate a bill of indictment or presentment.

**2. Robbery— common law—motion to dismiss—sufficiency of evidence—perpetrator—taking by violence or fear**

The trial court did not err by denying defendant's motion to dismiss the charge of common law robbery under N.C.G.S. § 14-87.1 even though defendant contends the State failed to establish that he was the perpetrator or that the taking of the property from the victim was accomplished by violence or fear, because: (1) the victim reiterated her certainty that defendant was her assailant no less than three times, and the victim testified her assailant asked for the same amount of money for the same reasons and gave the same story on both 4 June and 17 May; and (2) the victim's repeated direct testimony of her own state of mind and a doctor's testimony provided sufficient evidence of the victim's fear, common law robbery requires taking the property by either fear or violence, and it is undisputed that the victim was knocked down as her purse was taken.

**3. Sentencing— restitution—pain and suffering**

The appellate court exercised its discretionary power under N.C. R. App. P. 2 and determined that the trial court erred in a

common law robbery case by ordering defendant to make resti-
tution under N.C.G.S. § 15A-1340.34(b) in the amount of $500.00
when the property loss incurred by the victim was limited to
$20.00, because: (1) the trial court's basis for awarding restitution
is limited to quantifiable costs, income, and values of the kind set
out in N.C.G.S. § 15A-1340.35; and (2) pain and suffering is an
impermissible basis for restitution.

4. **Evidence— prior crimes or bad acts—impeachment—
truthfulness**

The trial court did not err in a common law robbery case by
instructing the jury as to impeachment of a defendant as a wit-
ness by proof of an unrelated crime even though defendant con-
tends his prior convictions do not bear on his truthfulness,
because: (1) the trial court did not instruct the jury to consider
the prior convictions as bearing on defendant's truthfulness, but
instead explicitly left to the jury the determination of whether the
prior convictions bore on defendant's truthfulness; and (2) the
instruction given by the trial court correctly set forth the law in
North Carolina. N.C.G.S. § 8C-1, Rule 609(a).

Appeal by defendant from judgment entered 23 January 2002 by
Judge James M. Webb in Forsyth County Superior Court. Heard in the
Court of Appeals 24 March 2003.

*Attorney General Roy Cooper, by Assistant Attorney General
Kevin L. Anderson, for the State.*

*Hall & Hall, P.C., by Douglas L. Hall, for defendant-appellant.*

CALABRIA, Judge.

Frank Wilson ("defendant") appeals from a conviction and judg-
ment entered upon a jury's verdict of guilty of common law robbery.
At trial, the State's evidence tended to show that midday on 17 May
2001, Melissa Jane Bridges ("the victim") was leaving work, and as
she was walking to her car, a man whom the victim later identified as
defendant approached and stopped her. Defendant explained to the
victim that he had been dropped off in Winston-Salem on his way
home to Raleigh by two of his friends. Defendant, who claimed he
was not familiar with Winston-Salem, asked the victim for ten dollars
to purchase a bus ticket to Raleigh. The victim testified that after she
declined to give money to defendant, he grabbed her purse with his
right hand, pushed her to the ground with his left, and ran away.

STATE v. WILSON

[158 N.C. App. 235 (2003)]

Although the victim was frightened and had sustained abrasions and bruises to her ankle, she was anxious to retrieve her property, so the victim got up and chased defendant. The victim recovered her purse and wallet, which had been dropped by defendant after he removed the currency in it, consisting of a single twenty-dollar bill. The victim then flagged down a police officer to explain what had occurred and to give him a description of her attacker. Afterwards, Dr. William Dunn ("Dr. Dunn"), a podiatrist and the victim's employer, provided medical treatment for the cuts and bruises to her ankle. The victim noted the incident in her appointment book.

The victim further testified that, approximately two weeks later, on 4 June 2001 around 8:30 in the morning, she was on her way to work when defendant again approached her and asked for ten dollars so that he might get back to Raleigh after two of his friends had dropped him off in Winston-Salem. The victim asked defendant to wait there, and she went inside to summon the police. Defendant was subsequently taken into custody by Officer S. P. Dickerson ("Officer Dickerson") and charged with larceny from the person.

Defendant was indicted by the Forsyth County Grand Jury on 30 July 2001 for common law robbery in violation of N.C. Gen. Stat. § 14-87.1. Defendant pled not guilty, and the case came to trial on 22 January 2002 in the Superior Court of Forsyth County, the Honorable James M. Webb, presiding. After the close of the State's case, defendant testified on his own behalf and denied that he knew or robbed the victim. On cross-examination, the State inquired as to defendant's previous convictions. Both at the close of the State's case and at the close of defendant's evidence, defendant moved to dismiss the charges based upon insufficiency of the evidence. The trial court denied defendant's motions and sent the case to the jury, instructing, in part, that the jury could use the evidence of prior convictions for credibility purposes only and not as evidence of guilt of the crime charged. The jury found defendant guilty of the crime charged, and defendant was sentenced to fourteen to seventeen months in jail and ordered to pay restitution in the amount of $500.00 to the victim. Defendant appeals.

Defendant asserts that (I) the indictment was fatally defective and that the trial court erred by (II) denying defendant's motion to dismiss; (III) ordering defendant to pay $500.00 in restitution; and (IV) instructing the jury to consider defendant's prior criminal convictions for credibility purposes.

**STATE v. WILSON**

[158 N.C. App. 235 (2003)]

## I. Indictment

**[1]** Defendant asserts the indictment for common law robbery in the instant case was fatally defective because the foreman of the grand jury failed to indicate that the witnesses identified on the face of the indictment appeared before the grand jury and gave testimony. North Carolina General Statute § 15A-623(c) (2001) states "[t]he foreman must indicate on each bill of indictment or presentment the witness or witnesses sworn and examined before the grand jury. Failure to comply with this provision does not vitiate a bill of indictment or presentment." *See also State v. Mitchell*, 260 N.C. 235, 237-38, 132 S.E.2d 481, 482 (1963) (holding an indictment is not fatally defective where the names of the witnesses to the grand jury are not marked). Accordingly, this assignment of error is overruled.

## II. Motion to Dismiss

**[2]** Defendant asserts the trial court erred in denying his motion to dismiss because the evidence was insufficient to support the conviction of common law robbery. "A motion to dismiss on the ground of sufficiency of the evidence raises . . . the issue 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.' " *State v. Barden*, 356 N.C. 316, 351, 572 S.E.2d 108, 131 (2002), *cert. denied*, —— U.S. ——, —— L. Ed. 2d —— (May 19th 2003) (quoting *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). "The existence of substantial evidence is a question of law for the trial court, which must determine whether there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). "The court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from that evidence." *State v. Lucas*, 353 N.C. 568, 581, 548 S.E.2d 712, 721 (2001). Evidence may be direct, circumstantial, or both. *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).

Common law robbery under N.C. Gen. Stat. § 14-87.1 (2001) is established where the State shows a "felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Parker*, 322 N.C. 559, 566, 369 S.E.2d 596, 600 (1988) (citing *State v. Smith*, 305 N.C. 691, 700, 292 S.E.2d 264, 270 (1982)). Defendant contends the State failed to establish that he was the perpetrator or that the taking of the property from the victim was accomplished by violence or fear.

Defendant first argues there was not sufficient evidence the defendant was the perpetrator of the act because the victim gave an approximate date of the first offense and because she gave a vague description of the assailant to the officer who responded on 17 May. However, the victim testified as follows at trial:

A. I knew it was [defendant].

Q. And how did you know that?

A. Because May the 17th he was eyeball to eyeball with me when he was talking. And he was no more than that far away [indicating a distance of about one to two feet with her hand from her face] from me when we were talking, and had been at least talking five minutes trying to explain hisself (sic) to me when he robbed me.

Throughout her testimony, the victim reiterated her certainty that defendant was her assailant no less than three times. Moreover, the victim testified her assailant asked for the same amount of money for the same reasons and giving the same story on both 4 June and 17 May. In the light most favorable to the State, this constituted relevant evidence from which a reasonable mind might conclude defendant was the perpetrator of the crime.

Defendant also argues the State failed to present evidence that the taking was accomplished by fear. Defendant argues the victim could not have been intimidated because (1) she ran after her assailant after he robbed her and (2) she did not appear intimidated after Officer Dickerson apprehended defendant on 4 June and was asking the victim questions. The victim gave testimony during direct examination and cross-examination that she was "absolutely scared," in fear, frantic, and "scared to death" of defendant while defendant robbed her. Dr. Dunn, the victim's employer, stated the victim was "in a terrible state," was "scared to death," and was acting unusual after the attack on 17 May. Not only is the victim's repeated direct testimony of her own state of mind and Dr. Dunn's testimony sufficient evidence, common law robbery requires the taking of property to be accompanied by either fear or violence, and it is undisputed that the victim was knocked down as her purse was taken. *Parker*, 322 N.C. at 566, 369 S.E.2d at 600. There is substantial evidence of each element of the crime, and this assignment of error is overruled.

III. Restitution

[3] Defendant asserts the trial court committed plain error in ordering defendant to make restitution in the amount of $500.00 when the property loss incurred by the victim was limited to $20.00. The State correctly asserts defendant is not entitled to plain error review because defendant did not object to the restitution ordered and did not assert plain error in his assignment of error in violation of N.C.R. App. P. 10(c)(4) (2003). Nevertheless, because this issue raises important questions concerning the trial court's authority to order restitution in a criminal case, we will address defendant's contentions in our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 2 (2003).

North Carolina General Statute § 15A-1340.34(b) (2001) directs a trial court to award restitution for "any injuries or damages arising directly and proximately out of the offense committed by the defendant." However, this provision (entitled "Restitution generally") must be read in conjunction with the following provisions contained in N.C. Gen. Stat. § 15A-1340.35 (2001) (entitled "Basis for restitution"). A trial court is entitled to award restitution for "an offense resulting in bodily injury to a victim" based on the following:

a. The cost of necessary medical and related professional services and devices or equipment relating to physical, psychiatric, and psychological care required by the victim;

b. The cost of necessary physical and occupational therapy and rehabilitation required by the victim; and

c. Income lost by the victim as a result of the offense.

N.C. Gen. Stat. § 15A-1340.35(a)(1) (2001). The State argues that awarding $20.00 to replace the $20.00 stolen from the victim and adding $480.00 for pain and suffering is appropriate. We disagree.

Reading the statutory provisions together, the more specific statute explains and provides context for the broad language employed in the section concerning restitution generally. The trial court's basis for awarding restitution is limited to quantifiable costs, income, and values of the kind set out in N.C. Gen. Stat. § 15A-1340.35. This conclusion is reinforced by how the term "costs" (found in two of the three factors in N.C. Gen. Stat. § 15A-1340.35(a)(1)) is carried over into subsection (b). *Id.* Under

subsection (b), a court may require the victim to provide "admissible evidence that documents the costs claimed" under these statutory provisions. Pain and suffering, unlike medical and physical or occupational therapy costs, is neither tangible nor easily quantifiable, and the determination of the appropriate valuation of an individual's pain and suffering is traditionally left to the jury. *Weeks v. Holsclaw,* 306 N.C. 655, 661, 295 S.E.2d 596, 600 (1982) (observing "[t]he jury's ultimate task in answering the damages issue in a personal injury action . . . is somehow to assign a monetary value to the injured party's intangible losses attributable to pain [and] suffering"). Unlike lost income, medical costs, and physical or occupational therapy costs, no document can support the mathematical calculation of the value attributable to pain and suffering.

The conclusion that pain and suffering is an impermissible basis for restitution is supported by recent changes to statutory provisions concerning restitution as a condition of probation. Prior to 1998, N.C. Gen. Stat. § 1340.35 (2001) had no statutory predecessor; however, the predecessor to the current N.C. Gen. Stat. § 15A-1343(d) defined restitution as a condition of probation in part as follows: "compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil action[.]" N.C. Gen. Stat. § 15A-1343(d) (1997). This broad definition, which would permit a trial court to predicate restitution on the basis of pain and suffering, was deleted in 1998 when the provision dealing with restitution as a condition of probation was substantially changed. These changes also included using portions of N.C. Gen. Stat. § 15A-1343(d) (1997) as the basis for the newly enacted provisions concerning the determination of restitution and the effect of a restitution order found in N.C. Gen. Stat. §§ 15A-1340.36(a) and -1340.37(a). Significantly, the current framework provides no definition of restitution as a condition of probation; rather, the trial court is directed to consider the factors set forth in N.C. Gen. Stat. §§ 15A-1340.35 and -1340.36. N.C. Gen. Stat. § 15A-1343(d) (2001). These changes are consistent with a legislative intent to narrow the scope of permissible bases upon which a trial court may award restitution and accord with our interpretation of the factors found in N.C. Gen. Stat. § 15A-1340.35(a)(1).

We hold that where a trial court grants an award of restitution based on a victim's pain and suffering, the trial court has exceeded the intended bases upon which such an award may be premised. We note restitution was not sought for treatment administered by Dr. Dunn since Dr. Dunn treated his employee without charging her; oth-

erwise, any costs associated with such treatment would clearly be appropriate as a basis for restitution. In the instant case, the trial court erred in awarding restitution beyond the statutory authority granted, and we remand with instructions to reduce the restitution awarded to $20.00.

IV. Jury instructions

[4] Finally, defendant asserts the trial court erred by instructing the jury as to impeachment of a defendant as a witness by proof of an unrelated crime. Defendant, after testifying on his own behalf, was cross-examined by the State regarding past convictions of disorderly conduct, indecent exposure, communicating threats, resisting an officer, possession of drug paraphernalia, public disturbance, attempt to assault a government official, and misdemeanor larceny. In its charge to the jury, the trial court instructed the jury as follows:

When evidence has been received that at an earlier time the defendant was convicted of criminal charges, you may consider this evidence for one purpose only. If considering the nature of the crimes you believe that this bears on truthfulness, then you may consider it together with all other facts and circumstances bearing upon the defendant's truthfulness in deciding whether you will believe or disbelieve his testimony at this trial. It is not evidence of the defendant's guilt in this case. You may not convict him on the present charge because of something he may have done in the past.

While defendant recognizes that the crimes inquired into were admissible under Rule 609 of the North Carolina Rules of Evidence, defendant contends these prior convictions do not bear on defendant's truthfulness, and the trial court erred in instructing the jury to consider such. Defendant's argument is flawed for two reasons.

First, the trial court did not instruct the jury to consider the prior convictions as bearing on defendant's truthfulness. The trial court's instruction explicitly left to the jury the determination of whether the prior convictions bore on defendant's truthfulness. Moreover, the instruction made clear that if the jury determined the prior convictions bore on defendant's truthfulness, the jury could consider the prior convictions solely for the purpose of impeaching the credibility of defendant's testimony. Finally, the trial court instructed that, even if the prior convictions by defendant bore on his credibility, the jury

was instructed to consider the other "facts and circumstances" in deciding whether defendant's testimony was credible. Past crimes were not evidence of guilt on the present charge and, more importantly, the jury could not convict defendant on that basis.

Second, the instruction given by the trial court correctly sets forth the law in North Carolina. "For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a felony, or of a Class A1, Class 1, or Class 2 misdemeanor, shall be admitted if elicited from the witness or established by public record during cross-examination or thereafter." N.C. Gen. Stat. § 8C-1, Rule 609(a) (2001). As the commentary indicates, the practice in North Carolina, which permits inquiry into any sort of criminal offense for "the purpose of attacking credibility[,]" stands in contradistinction to its federal counterpart, which only allows evidence of convictions of a crime involving dishonesty or a false statement to be used to attack a witness' credibility. Commentary, N.C. Gen. Stat. § 8C-1, Rule 609 (2001). *See also State v. Ross*, 329 N.C. 108, 119, 405 S.E.2d 158, 164 (1991) (recognizing North Carolina's version of Rule 609 to be more permissive than its federal counterpart). This assignment of error is overruled.

Defendant's remaining assignment of error has been abandoned. N.C.R. App. P. 28(b)(6) (2003).

In sum, as to the common law robbery conviction and sentence of fourteen to seventeen months, we find no error; however, we vacate the portion of the judgment awarding $500.00 in restitution and remand for proceedings not inconsistent with this opinion.

No error in part, vacated and remanded in part.

Chief Judge EAGLES and Judge HUNTER concur.