**STATE v. McFADDEN**

[181 N.C. App. 131 (2007)]

————————

STATE OF NORTH CAROLINA v. ABRAHAM BERNARD McFADDEN

No. COA06-519

(Filed 2 January 2007)

**1. Sentencing— greater sentence after plea bargain rejected—judge's comment—no suggestion of causation**

   The trial judge did not err in the sentence imposed where he had commented that the sentence pursuant to a plea bargain would be 117 months, and he ultimately sentenced defendant to 145 to 183 months after defendant rejected the plea bargain. The

trial judge made no comments at sentencing to suggest that he was imposing the sentence as a result of defendant's rejection of the plea.

**2. Appeal and Error— preservation of issues—authority not cited—abandoment of assignment of error**

An argument on appeal was taken as abandoned where defendant cited no authority for his assertion that the trial court had violated due process by announcing the sentence he was inclined to give before defense counsel spoke.

**3. Robbery— sentencing—aggravated common law robbery— armed robbery—not identical offenses**

Aggravated common law robbery and armed robbery do not have identical elements, even when the aggravating factor of use of a deadly weapon is included. There was no plain error in the sentencing classification given to defendant where he contended that he should have been convicted of aggravated common law robbery rather than armed robbery because common law robbery has the lesser sentence. Moreover, defendant was correctly sentenced as an habitual felon.

Appeal by defendant from judgment entered 30 November 2005 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 6 December 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General David J. Adinolfi II, for the State.*

*Bruce T. Cunningham, Jr. for defendant-appellant.*

HUNTER, Judge.

Abraham Bernard McFadden ("defendant") appeals from a judgment entered 30 November 2005 consistent with a jury verdict finding him guilty of robbery with a dangerous weapon and habitual felon status. After careful review, we find no error in defendant's judgment and conviction.

The State's evidence tended to show that defendant entered the 4 Brothers BP convenience store on 22 March 2005. Defendant removed two twenty-four packs of beer from the cooler and attempted to walk out of the store without paying for the merchandise. One of the clerks on duty, Becky Starling ("Starling"), attempted to grab the

back of defendant's coat. Defendant turned around and swung a knife at Starling.

Defendant was found guilty of robbery with a dangerous weapon and habitual felon status and was sentenced to 145 to 183 months. Defendant appeals from this judgment and conviction.

I.

[1] In his first assignment of error, defendant contends that the trial court did not impartially sentence defendant. We disagree.

> A sentence within the statutory limit will be presumed regular and valid. However, such a presumption is not conclusive. If the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence, the presumption of regularity is overcome, and the sentence is in violation of defendant's rights.

*State v. Boone*, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). "A defendant has the right to plead not guilty, and 'he should not and cannot be punished for exercising that right.' " *State v. Gantt*, 161 N.C. App. 265, 271, 588 S.E.2d 893, 897 (2003) (citation omitted).

> "Where it can reasonably be inferred from the language of the trial judge that the sentence was imposed at least in part because defendant did not agree to a plea offer by the state and insisted on a trial by jury, defendant's constitutional right to trial by jury has been abridged, and a new sentencing hearing must result."

*State v. Poag*, 159 N.C. App. 312, 324, 583 S.E.2d 661, 670 (2003) (citation omitted). *Poag* held that statement of the terms of the plea bargain, standing alone, failed to show that the trial court's imposition of a harsher sentence following a jury trial was punishment for rejection of the plea offer. *Id. Poag* particularly noted that the trial court did not indicate at sentencing that it was imposing such a sentence as a result of the defendant's rejection of the plea. *Id.*

Defendant contends his sentence was due in part to defendant's decision to ask for a jury trial. Prior to the habitual felon phase of the trial, a short discussion occurred confirming defendant's rejection of a guilty plea as to habitual felon status.

> [PROSECUTION]: It is my understanding that [defense counsel] has spoken to [defendant] and would relate to the Court what the

State had extended in terms of not proceeding with the habitual felon and the Court was going to sentence at the bottom of the presumptive.

THE COURT: To 117 months.

[PROSECUTION]: Yes, and he has rejected that so we will proceed with further instructions to the jury.

No further comments were made by the trial court regarding defendant's sentencing, and after the jury completed its deliberation as to the robbery with a dangerous weapon charge, the trial proceeded to the habitual felon phase. Defendant was ultimately sentenced within the presumptive range to 145 to 183 months.

Defendant contends that the trial court's confirmation that it planned to sentence at the bottom of the presumptive range, in the context of the discussion of the plea agreement offered to defendant, shows prejudice on the part of the trial court in sentencing defendant more harshly because he elected to proceed with a jury trial. However, as in *Poag*, the trial court's brief comment regarding the sentencing range in terms of the plea bargain fails to show that the later imposition of a greater sentence in the presumptive range was a result of defendant's refusal to take the plea bargain. Similar to *Poag*, here the trial judge made no additional comments at sentencing suggesting that it was imposing such a sentence as a result of defendant's rejection of the plea.

[2] Defendant further contends that the trial court violated the Due Process Clause by announcing defendant's prospective sentence before hearing from defense counsel during the sentencing hearing. Following the prosecution's statements regarding aggravating factors, the trial court asked defendant's counsel if she would like to be heard. After defense counsel indicated that she would, the trial court responded as follows:

THE COURT: First of all, let me tell you how I am inclined to sentence him. I am inclined to sentence him to 145 months and that may just limit what you'd like to say.

[DEFENSE COUNSEL]: Your Honor, with that, since you're not going to sentence him at the high end of the presumptive, Your Honor, I would just ask that you sentence him to something reasonable. I'm satisfied with 145 months.

The trial court then asked defendant if he would like to say anything, and allowed defendant ample time to make a lengthy statement to the court.

Defendant cites no authority for the assertion that the trial court's comment violated due process, merely contending that "any lawyer would know" that speaking further in such a situation would irritate the judge. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6). This argument is therefore taken as abandoned and dismissed. *See State v. McNeill*, 360 N.C. 231, 241, 624 S.E.2d 329, 336, *cert. denied*, —— U.S. ——, 166 L. Ed. 2d 281 (2006).

As defendant fails to show that the trial court did not impartially sentence defendant in the presumptive range, this assignment of error is overruled.

II.

**[3]** Defendant next contends the trial court committed plain error in sentencing defendant as a Class D felony as an habitual felon, rather than as a Class G felony as an habitual felon. We disagree.

We first clarify that defendant's actual contention is that he should have been convicted of aggravated common law robbery, a Class G felony, rather than armed robbery, a Class D felony, on the grounds that the two offenses have identical elements. Defendant further contends that, as the two offenses are fungible, under the United States Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), regarding the use of aggravating factors, defendant must be sentenced to the offense with the least possible sentence. We find no merit to this argument.

The elements of the offense of robbery with a dangerous weapon are: " '(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened.' " *State v. Small*, 328 N.C. 175, 181, 400 S.E.2d 413, 416 (1991) (citation omitted); *see also* N.C. Gen. Stat. § 14-87(a) (2005).

Common law robbery is "established where the State shows a 'felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear.' " *State v. Wilson*, 158 N.C. App. 235, 238, 580 S.E.2d 386, 389 (2003)

(citation omitted); *see also* N.C. Gen. Stat. § 14-87.1 (2005). The aggravating factor which defendant contends, if applied, would have made the crimes identical is found in N.C. Gen. Stat. § 15A-1340.16(d)(10) (2005), that "[t]he defendant was armed with or used a deadly weapon at the time of the crime."

A review of the elements clearly shows that the two offenses, even with the inclusion of the aggravating factor, are not fungible, as the crime of robbery with a dangerous weapon contains an additional element: That the life of a person is endangered or threatened by the use of the dangerous weapon. *State v. Stewart*, 255 N.C. 571, 572, 122 S.E.2d 355, 356 (1961) (emphasis added) (citation omitted) (holding that the crime of robbery with a dangerous weapon " 'super-adds to the minimum essentials of common-law robbery the additional requirement that the robbery must be committed "with the use or threatened use of . . . firearms or other dangerous weapon, implement or means, *whereby the life of a person is endangered or threatened*" ' "). As the two crimes are not identical, as defendant alleges, we find this assignment of error to be without merit. We further note that a review of the record shows that as defendant was convicted of habitual felon status, the trial court properly sentenced defendant as a Class C habitual felon, rather than as a Class D felon.

As defendant fails to show the trial court erred in sentencing defendant in the presumptive range as an habitual felon, we affirm the judgment and conviction.

Affirmed.

Judges McCULLOUGH and ELMORE concur.