STATE OF NORTH CAROLINA
v.
ERIC KENDALL PINDER
No. COA07-1413
Court of Appeals of North Carolina
Filed June 17, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Anne J. Brown, for the State.
Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant appellant.
McCULLOUGH, Judge.
Defendant Eric Kendall Pinder appeals from judgment consistent with a jury verdict finding him guilty of obtaining property by false pretenses. For the following reasons, we find no error in the trial, but vacate and remand the order for restitution.
The State's evidence tended to show that Manuela Navarro (Navarro) and her children were on a trip to Disney World in July of 2006 when Navarro was informed by the Raleigh Police Department that an intruder had broken into her home. Upon her return, Navarro discovered that the back door had been damaged, her room and her daughter's room had been ransacked, and money and several sets of jewelry had been stolen. As part of its investigation, Raleigh Police visited American Gold Exchange and Pawn (American Gold) and determined that defendant had sold three rings to American Gold for $58.00 in cash. Navarro positively identified the rings as rings taken from her home.
Defendant was subsequently charged with felonious breaking and entering the residence of Navarro; felonious larceny of Navarro's personal property consisting of cash and jewelry and having a value of $33,000.00; and obtaining property by false pretenses, $58.00 in cash, from American Gold. At trial, Navarro testified that items stolen from her house included $500.00 in cash, several bracelets, rings, earrings and necklaces, and a diamond jewelry set worth at least $7,000.00. Navarro further testified that she did not give defendant, who lived next door and had previously dated her daughter, permission to take any of her jewelry or cash, or to pawn her personal property.
A jury found defendant guilty of obtaining property by false pretenses and not guilty of the felony breaking and entering and felony larceny charges. After the State prayed judgment, the State asked the trial court to require defendant to repay American Gold $58.00 and order American Gold to return the rings to Navarro. The State also asked the trial court to require defendant to repay Navarro for her loss. The restitution worksheet submitted to the court was for the amount of $37,355.00 to Navarro and $58.00 to American Gold. The trial court sentenced defendant to eight to ten months' imprisonment and ordered defendant to make restitution in the amount of $37,355.00 to Navarro and $58.00 to American Gold. The trial court stated that it would "enter an order that the property of Ms. Navarro be returned to her by American Gold." From entry of judgment, defendant appeals.
In his sole argument on appeal, defendant contends the trial court erred by ordering him to pay $37,355.00 in restitution to Navarro. Although defendant did not voice an objection to restitution at sentencing, this assignment of error is fully reviewable on appeal. See State v. Shelton, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004); N.C. Gen. Stat. § 15A-1446(d)(18) (2007). Defendant presents two arguments to support his contention: (1) Navarro did not suffer a $37,355.00 financial loss as a result of his committing the crime of obtaining property by false pretenses; and (2) there was insufficient evidence presented to the court to justify the $37,355.00 restitution award. Defendant's contention has merit.
N.C. Gen. Stat. § 15A-1340.34 (2007), entitled "Restitution generally," provides:
(a) When sentencing a defendant convicted of a criminal offense, the court shall determine whether the defendant shall be ordered to make restitution to any victim of the offense in question. For purposes of this Article, the term "victim" means a person directly and proximately harmed as a result of the defendant's commission of the criminal offense.
Further, N.C. Gen. Stat. § 15A-1340.34(b) directs a trial court to award restitution for "any injuries or damages arising directly and proximately out of the offense committed by the defendant." N.C. Gen. Stat. § 15A-1340.34(b). This statutory provision must be read in conjunction with the following provisions contained in N.C. Gen. Stat. § 15A-1340.35 (2007), entitled "Basis for restitution." See State v. Wilson, 158 N.C. App. 235, 240, 580 S.E.2d 386, 390 (2003).
N.C. Gen. Stat. § 15A-1340.35 provides, in pertinent part:
(a) In determining the amount of restitution, the court shall consider the following:
. . . .
(2) In the case of an offense resulting in the damage, loss, or destruction of property of a victim of the offense:
a. Return of the property to the owner . . . or
b. If return of the property . . . is impossible, impracticable, or inadequate:
1. The value of the property on the date of the damage, loss, or destruction; or
2. The value of the property on the date of sentencing, less the value of any part of the property that is returned.
In this case, the trial court imposed $37,355.00 restitution to compensate Navarro for her loss; however, under § 15A-1340.34(b) a restitution award is limited to damages "arising directly and proximately out of the offense committed by the defendant." Id. Defendant here was found guilty of obtaining property by false pretenses in which defendant received $58.00 in cash from American Gold in exchange for pawning Navarro's three rings. Thus, the three rings are the only property of Navarro's involved in the obtaining property by false pretenses crime. The restitution worksheet is not itemized and does not show a value of the three rings. Moreover, the trial court stated in open court that it intended to order the return of the rings to Navarro pursuant to § 15A-1340.35(a)(2)(a). Accordingly, there is nothing in the record to support a conclusion that Navarro suffered a loss of $37,355.00 as a result of defendant committing the offense of obtaining property by false pretenses.
The State concedes that the trial court's determination of the $37,355.00 restitution award to Navarro is not supported by competent evidence in the record and asks this Court to vacate the restitution order and remand for entry of a new restitution order. See State v. Wilson, 340 N.C. 720, 726-27, 459 S.E.2d 192, 196 (1995) (vacating portion of judgment recommending restitution unsupported by evidence).
While defendant's trial was free of prejudicial error, we vacate and remand for resentencing not inconsistent with this opinion.
Remanded for resentencing.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).