STATE OF NORTH CAROLINA v. ROBERT LEE VINCENT, SR.

No. COA08-1137

(Filed 17 March 2009)

## 1. Criminal Law— instruction—defense of accident—precluded by unlawful conduct

The trial court did not commit plain error in a second-degree murder case by failing to give an instruction on the defense of accident because the defense of accident is not raised where defendant was engaged in unlawful conduct when the killing occurred, and it cannot be said that defendant was engaged in lawful conduct since: (1) defendant created the volatile situation by following the victim and his family, getting out of his truck, and continuing an altercation with the victim's father that began at a gas station; and (2) the encounter escalated to the point of deadly violence when defendant introduced the gun into the altercation which resulted in the death of the victim.

## 2. Homicide— instruction—voluntary manslaughter—sufficiency of evidence

The trial court did not commit plain error in a second-degree murder case by failing to give an instruction on voluntary manslaughter because neither the State's evidence nor defendant's evidence supported this instruction when defendant's evidence tended to show that the gun fired when defendant and the victim's father struggled for control of the gun and the shooting was accidental, and the State's evidence tended to show that defendant fired the gun while he was arguing with the victim's father. Neither evidence tended to show that defendant acted in the heat of passion or in the imperfect exercise of self-defense.

STATE v. VINCENT

[195 N.C. App. 761 (2009)]

Appeal by defendant from judgment dated 22 April 2008 by Judge Cy A. Grant in Northampton County Superior Court. Heard in the Court of Appeals 25 February 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Philip A. Lehman, for the State.*

*Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant-appellant.*

BRYANT, Judge.

Robert Lee Vincent, Sr., (defendant) appeals from a judgment entered upon a jury verdict finding him guilty of second-degree murder. We find no error.

*Facts*

The State presented evidence tending to show the following: On the evening of 27 July 2006, John McLaurin stopped at the Blue Flame gas station in Gaston, North Carolina with his wife, Yvette, and his stepson, Kenneth. As the McLaurins were leaving the gas station, a gray truck pulled in front of their vehicle and stopped in the middle of the entryway to the gas station. The McLaurins, irritated by the length of time the truck blocked the driveway, pulled up beside the truck. Mr. McLaurin who was driving, told the driver of the truck that it was unlawful not to use a turn signal. The truck driver, later identified as defendant, and Mr. McLaurin exchanged unpleasantries, then Mr. McLaurin pulled onto Highway 46 in the direction of the McLaurin home.

Defendant followed the McLaurins onto Highway 46. Mr. McLaurin's car was having trouble and stalled several times, however, defendant remained behind the vehicle. When Mr. McLaurin turned off Highway 46 onto Family Road, where he lived, he pulled the vehicle to the side of the road and got out. Defendant stopped his truck behind the McLaurin car and also got out. As the two men began to argue, Mrs. McLaurin and Kenneth got out of the car. While continuing to argue, defendant reached into his truck, pulled out an object wrapped in a black cloth, and revealed a pistol. At that point, Mr. McLaurin told his wife and stepson to return to their car. Defendant raised the gun, pointed it towards Mr. McLaurin, and fired a shot. The gunshot struck eleven-year-old Kenneth in the forehead. Kenneth was transported to a hospital where he died later that evening as a result of brain damage caused by the gunshot wound.

Meanwhile, defendant, after firing the gun, got into his truck and drove to a friend's home in Virginia. Several days later an officer with the Emporia, Virginia police department saw defendant walking down a highway in the middle of the night. When the officer approached defendant, he ran into a nearby soybean field and only surrendered after officers threatened to release dogs into the field.

Defendant testified at trial and stated that on 27 July 2006, while at the Blue Flame gas station, Mr. McLaurin had cursed at him for blocking the driveway. Defendant also testified Mr. McLaurin got out of his car and walked to the back of defendant's truck. Defendant thought he heard Mr. McLaurin kick or hit the truck. Because he thought his truck may have been damaged, defendant followed the McLaurins until they pulled over onto the side of the road. Defendant removed his gun from his truck and held it while telling Mr. McLaurin not to "come up on me." When defendant was distracted by Mrs. McLaurin, Mr. McLaurin grabbed defendant's hand and attempted to snatch the gun from him. During the struggle, the gun fired.

Defendant was found guilty of second-degree murder. Defendant was sentenced to a minimum term of 220 months to a maximum term of 273 months. Defendant appeals.

---

On appeal, defendant argues: (I) the trial court committed plain error by failing to give an accident instruction; and (II) the trial court committed plain error by failing to give a jury instruction on manslaughter.

### Standard of Review

"Plain error is error so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Holbrook*, 137 N.C. App. 766, 767, 529 S.E.2d 510, 511 (2000) (internal quotations omitted).

> The plain error rule is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where the error is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously

affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (internal quotations omitted) (emphasis omitted). "[D]efendant is entitled to a new trial only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." *State v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).

*I*

[1] Defendant argues the trial court committed plain error by failing to give an instruction on the defense of accident. We disagree.

Defendant failed to request the instruction at trial and concedes that plain error is the proper standard of review. When a request is made for an instruction which is legally correct and supported by evidence, the court must give the instruction at least in substance. *State v. Hooker*, 243 N.C. 429, 431, 90 S.E.2d 690, 691 (1956). "The defense of accident is triggered in factual situations where a defendant, without premeditation, intent, or culpable negligence, commits acts which bring about the death of another." *State v. Lytton*, 319 N.C. 422, 425, 355 S.E.2d 485, 487 (1987). "A killing will be excused as an accident when it is unintentional and when the perpetrator, in doing the homicidal act, did so without wrongful purpose or criminal negligence while engaged in a lawful enterprise." *State v. Riddick*, 340 N.C. 338, 342, 457 S.E.2d 728, 732 (1995). However, where the defendant was engaged in unlawful conduct when the killing occurred, the defense of accident is not raised. *Id.*

In the present case we can not say defendant was engaged in lawful conduct. After the initial altercation, defendant followed the McLaurins in his truck until they pulled over onto the side of the road. Defendant then got out of his truck and began to argue with Mr. McLaurin. Defendant then reached into his truck and removed his gun. Like the defendant in *Riddick*, defendant in the present case was engaged in intentional conduct when the killing occurred. Defendant created the volatile situation by following the McLaurins, getting out of his truck, and continuing the altercation that began at the Blue Flame gas station. The encounter escalated to the point of deadly violence when defendant introduced the gun into the altercation which resulted in the death of the McLaurins' son. We hold the trial court did

not commit plain error by refusing to give an instruction on the defense of accident. Defendant's assignment of error is overruled.

## II

[2] Defendant argues the trial court committed plain error by failing to give an instruction on voluntary manslaughter. We disagree.

Defendant failed to object to the instruction at trial and concedes that plain error is the proper standard of review. In order to receive an instruction on voluntary manslaughter, there must be evidence tending to show "[a] killing [was] committed in the heat of passion suddenly aroused by adequate provocation, or in the imperfect exercise of the right of self-defense[.]" *State v. Huggins*, 338 N.C. 494, 497, 450 S.E.2d 479, 481 (1994) (internal quotations omitted).

In *State v. Blake*, 317 N.C. 632, 346 S.E.2d 399 (1986), the State's evidence tended to show the defendant arrived at the victim's auto repair shop agitated, called the victim to his truck, and shot the unarmed victim. *Id.* at 634, 346 S.E.2d at 400. The defendant's evidence tended to show that the victim approached the defendant in a threatening manner, began to choke the defendant, and was accidentally shot when the two men struggled for control of the defendant's gun. *Id.* at 636, 346 S.E.2d at 402. Our Supreme Court, relying on *State v. Wallace*, 309 N.C. 141, 305 S.E.2d 548 (1983), held the defendant was not entitled to an instruction on voluntary manslaughter because neither the State's evidence nor the defendant's evidence supported an instruction on voluntary manslaughter.

Here, as in *Blake*, neither the State's evidence nor defendant's evidence support an instruction on voluntary manslaughter. Defendant's evidence tended to show that the gun fired when defendant and Mr. McLaurin struggled for control of the gun and the shooting was accidental. The State's evidence tended to show that defendant fired the gun while he was arguing with Mr. McLaurin. Neither the State's evidence nor the defendant's evidence tended to show that defendant acted in the heat of passion or in the imperfect exercise of self-defense. We hold the trial court did not commit plain error by failing to give an instruction on voluntary manslaughter. This assignment of error is overruled.

NO ERROR.

Judges ELMORE and STEELMAN concur.