STATE OF NORTH CAROLINA v. TRENDELL LIMONT HARRIS AND SHERROD LA DONTAE WHITAKER, DEFENDANTS

No. COA11-1449

(Filed 21 August 2012)

**1. Appeal and Error—Rule 2—not applied—evidence of identity sufficient**

The Court of Appeals did not suspend the Rules of Appellate Procedure pursuant to Rule 2 in order to address defendant's argument that there was insufficient evidence that defendants were the perpetrators of a robbery with a dangerous weapon and felonious conspiracy to commit robbery with a firearm where there was nothing to indicate that a manifest injustice would result from not suspending the Rules.

**2. Criminal Law—instructions—identity—separate instruction not given—no plain error**

There was no plain error in the trial court's failure to instruct the jury on identity in a prosecution for armed robbery and conspiracy to commit robbery with a firearm where defendants contended that the trial court's instruction on acting in concert left the jury with the impression that the State did not have to prove that defendants were among the perpetrators. In connection with the entire instruction, the trial court's jury instruction substantively included an instruction regarding identity and defendants could not show that the failure to give a separate instruction on identity caused the jury to reach a verdict that it probably would not have reached otherwise.

---

**3. Robbery—armed robbery—failure to instruct common law aggravated robbery—no such offense**

The trial court did not err in an armed robbery prosecution by not giving an "aggravated common law robbery" instruction. Defendants admitted that a firearm was used in the robbery but argued that the victim's life was not threatened or endangered. However, the evidence fully supported armed robbery, did not support a lesser included offense, and there is no such offense as aggravated common law robbery in North Carolina.

Appeal by defendants from judgments entered 29 July 2011 by Judge Alma L. Hinton in Halifax County Superior Court. Heard in the Court of Appeals 23 May 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Dahr Joseph Tanoury, for the State v. Trendell Limont Harris, and by Assistant Attorney General Tammy A. Bouchelle, for the State v. Sherrod La Dontae Whitaker.*

*Richard Croutharmel for defendant-appellant Trendell Limont Harris.*

*The Law Office of Bruce T. Cunningham, Jr., by Bruce T. Cunningham, Jr., and Amanda S. Zimmer, for defendant-appellant Sherrod La Dontae Whitaker.*

BRYANT, Judge.

Where exceptional circumstances do not exist to justify suspending our Rules of Appellate Procedure and reaching an issue pursuant to Rule 2, we will not address defendants' argument. Where the trial court's jury instructions clearly required that the State prove defendants were the perpetrators of the crimes charged, we find no plain error by the trial court's failure to give a specific instruction regarding identity. Where there is no such offense as "aggravated common law robbery" in North Carolina, we find no plain error in the trial court's failure to give such an instruction as a lesser included offense.

On 29 July 2011, a jury in Halifax County Superior Court found co-defendants Terrell Harris and Sherrod Whitaker guilty of robbery with a dangerous weapon and felonious conspiracy to commit robbery with a firearm. The trial court entered judgments in accordance with the jury verdicts and sentenced defendant Harris to a term of 77 to 102 months for the charge of robbery with a firearm and a concur-

rent sentence of 29 to 44 months for conspiracy to commit robbery with a firearm. Defendant Whitaker was sentenced to a term of 64 to 86 months for the charge of robbery with a firearm and a concurrent sentence of 25 to 39 months for conspiracy to commit robbery with a firearm.

The evidence at trial indicated that defendants entered Bell's Country Store in Hobgood on 18 August 2008. Carolyn Brady ("Brady"), an employee, testified that two men came in and yelled at her to give them money. Each man's face was covered by a bandana and a baseball cap. After taking money from the register, the men left. Police later found items of clothing and two bandanas that matched Brady's description of the assailants' clothing in a field near the crime scene. Law enforcement received tips that Harris and Whitaker may have been involved. DNA found on the clothing discarded near the crime scene matched DNA samples taken from each defendant. Following the trial court's entry of judgment, both defendants gave notice of appeal in open court.

Defendants raise three issues submitted in identical briefs on appeal[1]: whether the trial court erred by (I) submitting charges against them to the jury as there was insufficient evidence to support their convictions; (II) failing to instruct the jury on the issue of identity; and (III) by failing to submit to the jury the lesser included offense of aggravated common law robbery.

*I*

**[1]** Defendants argue that the trial court erred in submitting to the jury the charges of robbery with a dangerous weapon and felonious conspiracy to commit robbery with a firearm arguing there was insufficient evidence that defendants were the perpetrators. Specifically, defendants argue that the State failed to present substantial evidence of circumstances from which the jury could conclude that the DNA evidence implicating them could only have been left at the time the crime was committed.

---

1. Initially, counsel for both defendants submitted *Anders* briefs indicating they were unable to identify any issues with sufficient merit to support relief on appeal. However, on 28 February 2012, pursuant to a motion, this Court allowed Whitaker to substitute a brief raising substantive issues for review on appeal. In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), counsel notified Harris of his right to file written arguments with this Court. Harris, in his name, filed a brief duplicating the brief submitted by Whitaker.

STATE v. HARRIS

[222 N.C. App. 585 (2012)]

Defendants acknowledge that they failed to make a motion to dismiss the charges at the close of all of the evidence; therefore, this argument was not presented to the trial court. Accordingly, this argument was not preserved for our review. *See* N.C. R. App. P. 3 (2012) ("In a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action, or for judgment as in case of nonsuit, is made at trial.").

Defendants ask this Court to review the matter pursuant to Rule 2 of our Rules of Appellate Procedure.

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C. R. App. P. 2 (2012). "Rule 2, however, must be invoked 'cautiously,' and [as our Supreme Court has stated,] we reaffirm our prior cases as to the 'exceptional circumstances' which allow the appellate courts to take this 'extraordinary step.' " *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (citations omitted).

This case does not appear to present exceptional circumstances that would justify suspending our rules and reviewing this issue on appeal.

Defendants were each convicted of robbery with a dangerous weapon and conspiracy to commit robbery with a firearm. The store clerk, Brady, who faced the robbers stated that the robber who pointed a gun at her and demanded money wore a bandana with money symbols printed on it and a black baseball cap with a red brim; the second robber who collected the money in a plastic bag wore a plain dark bandana and a baseball cap and a black t-shirt. The store clerk testified that she had worked in Hobgood at various stores for forty-six years and had watched Harris grow up from the time he was eight or nine years old. She further testified that the body shape and mannerisms of the second robber—who collected the money— reminded her of Harris. Brady testified that the robbers ran out of the store and ran to the left in the direction of a fire department located adjacent to the country store.

In the area behind the fire department adjacent to the country store, a bandana scarf with dollar signs printed on it was discovered lying on the ground. In the field behind the fire department, law enforcement found a dark colored baseball cap with a red bill, a blue baseball cap, and a black t-shirt with a knot tied in the back of it. Tips from members of the community led law enforcement to defendants. After a DNA specimen was taken from defendants and examined, it was determined that defendant Whitaker's DNA matched the DNA from the bandana with dollar signs. Defendant Harris's DNA matched the DNA from the black t-shirt tied with a knot.

We reject defendants' argument that the evidence was insufficient to show that defendants were the perpetrators. Further, we see nothing to indicate a manifest injustice would result by failing to suspend the rules. Accordingly, we will not suspend the Rules of Appellate Procedure pursuant to Rule 2 in order to address defendants' argument.

## II

[2] Defendants next argue that the trial court committed plain error by failing to instruct the jury on identity as provided in N.C.P.I. Crim. 104.90. Specifically, defendants contend that because the trial court gave an instruction on acting in concert "[w]ithout the specific instruction relating to identity, the jury [was] left with the impression that the State did not have to prove that [defendants] [were] one of the perpetrators." We disagree.

. Because defendants made no objection before the trial court regarding jury instructions, we review this matter only for plain error.

> The plain error rule is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where the error is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Vincent*, 195 N.C. App. 761, 763-64, 673 S.E.2d 874, 876 (2009) (citation omitted). "[A] [d]efendant has the burden of showing. . . (i)

that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Cummings*, 352 N.C. 600, 636, 536 S.E.2d 36, 60-61 (2000) (citation omitted).

In the instant case, the trial court began by instructing the jury that each defendant was presumed innocent and that the State must prove that he is guilty beyond a reasonable doubt. Then, the trial court gave the following instruction on acting in concert:

> For a person to be guilty of a crime, it is not necessary that he personally do all of the acts necessary to constitute the crime. If two or more persons join in a common purpose to commit robbery with a firearm, *each of them, if actually or constructively present,* is guilty of that crime if the other person commits the crime and also guilty of any other crime committed by the other in pursuance of the common purpose to commit robbery with a firearm, or as a natural or probable consequence thereof.

(Emphasis added). The trial court subsequently gave the following instruction regarding robbery with a firearm:

> For you to find *the defendant* guilty of this offense, the State must prove seven things beyond a reasonable doubt. First, that *the defendant* took property from the person of another or in her presence. Second, that *the defendant* carried away the property. Third, that the person did not voluntarily consent to the taking and carrying away of the property. Fourth, that *the defendant* knew he was not entitled to take the property. Fifth, that at the time of the taking *the defendant* intended to deprive that person of its use permanently. Sixth, that *the defendant* had a firearm in his possession at the time he obtained the property or that it reasonably appeared to the victim that a firearm was being used, in which case you may infer that the said instrument was what *the defendant's* conduct represented it to be. And, seventh, that *the defendant* obtained the property by endangering or threatening the life of that person with the firearm. If you find from the evidence beyond a reasonable doubt that on or about the alleged date *the defendant* either by himself or acting together with other persons had in his possession a firearm and took and carried away property from the person or presence of a person without her voluntary consent by endangering or threatening her life with the use or threatened use of a firearm, *the defendant* knowing that he was not

entitled to take the property and intending to deprive that person of its use permanently, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

(Emphasis added).

Both instructions reiterated multiple times that the State must prove that *defendant* was the perpetrator of each of the crimes. Given in connection with the entire jury instruction, the trial court's jury instruction substantively included an instruction regarding identity. Defendants cannot show that the trial court's failure to give a separate instruction on identity beyond that included in the armed robbery instruction caused the jury to reach a verdict convicting defendants that it probably would not have reached had a separate instruction been given. Defendants' argument is overruled.

*III*

**[3]** Defendants next argue that the trial court committed plain error by not including an instruction to the jury on the lesser included offense of "aggravated common law robbery." We disagree.

Because defendants did not request the submission of aggravated common law robbery or object to the jury instruction given, we review this matter for plain error.

> It is well-settled that "the trial court must submit and instruct the jury on a lesser included offense when, and only when, there is evidence from which the jury could find that defendant committed the lesser included offense." *State v. Rhinehart*, 322 N.C. 53, 59, 366 S.E.2d 429, 432 (1988) (quotation omitted). But when the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any element, the submission of a lesser included offense is not required. *Id.* at 59, 366 S.E.2d at 432–33. "The mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense." *State v. Black*, 21 N.C. App. 640, 643–644, 205 S.E.2d 154, 156, *aff'd*, 286 N.C. 191, 209 S.E.2d 458 (1974) (citation omitted).

*State v. Porter*, 198 N.C. App. 183, 189, 679 S.E.2d 167, 171 (2009).

As set forth in N.C. Gen. Stat § 14-87(a), the offense of armed robbery is as follows:

> (a) Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another . . . or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C. Gen. Stat. § 14-87 (2011). "The primary distinction between armed robbery and common law robbery is that 'the former is accomplished by the use or threatened use of a dangerous weapon whereby the life of a person is endangered or threatened.' " *State v. Williams*, 201 N.C. App. 103, 110, 685 S.E.2d 534, 539 (2009) (citation omitted).

Defendants rely heavily on *State v. McFadden*, 181 N.C. App. 131, 638 S.E.2d 633 (2007), *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), for the claim that the trial court erred by not instructing the jury on the lesser included offense of "aggravated common law robbery," which defendants claim was created in North Carolina subsequent to the decisions in *Apprendi* and *Blakely*. Currently, there is no such offense as "aggravated common law robbery" in North Carolina.

In *McFadden*, the defendant posed a similar argument, claiming that the trial court committed plain error by convicting him of armed robbery rather than aggravated common law robbery as the two have identical elements and "under the United States Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), regarding the use of aggravating factors, [the] defendant must be sentenced to the offense with the least possible sentence." *McFadden*, 181 N.C. App. at 135, 638 S.E.2d at 635. This Court found no merit to the defendant's argument, instead finding that armed robbery and common law robbery did not contain identical elements. *Id.* at 136, 638 S.E.2d at 636. "[T]he crime of robbery with a dangerous weapon contains an additional element: That the life of a person is endangered or threatened by the use of the dangerous weapon." *Id.*

Defendants in the present case admit to the use of a firearm during the robbery, but claim that, while Brady was afraid, her life was never threatened or endangered where "no shots were fired, no threats were made, no injuries were suffered, no medical attention

was required and no other crimes of kidnapping and assault were charged." "But '[t]he question in an armed robbery case is whether a person's life was in fact endangered or threatened by [the robber's] possession, use or threatened use of a dangerous weapon, *not whether the victim was scared or in fear of his life.*' " *State v. Hill*, 365 N.C. 273, 279, 715 S.E.2d 841, 845 (2011) (citation omitted).

Notwithstanding defendants' request that we review a potential sentencing factor—aggravated common law robbery—as a substantive offense, we decline that invitation. Where, as here, the evidence fully supports armed robbery and no lesser included offense, there could be no plain error for failure to submit a lesser included offense. Further, since there is no such offense as "aggravated common law robbery" in North Carolina, we find no merit to defendants' argument.

No error.

Judges STEPHENS and THIGPEN concur.